JESSE F. PADDLEFORD and FULLER P. KING, Appellants, *v.*
STATE OF NEW YORK, Respondent.

Third Department, July 8, 1920.

**Highways — contract for construction — power of State Commissioner of Highways or division engineer to make supplemental contract — nature of supplemental contract — power to make supplemental contract for construction of bridge fifty-six feet long.**

The State Commissioner of Highways or the division engineer representing the department may enter into supplemental contracts for additional work and material in the construction of highways, but such contracts must be to supplement and for additions on contracts which come under the jurisdiction of the Highway Department, such as additional stone, material or excavation, etc., on work being done on highways defined as such by statute.

The State is not liable to the plaintiffs who held a contract for the construction and improvement of a county highway for the value of services and materials furnished in the construction of a bridge fifty-six feet long and twenty-two feet wide under an alleged supplemental contract between the plaintiffs and the division engineer of the State Highway Department, for such contract is not supplemental to the highway contract inasmuch as a bridge of that dimension does not come within the definition of a highway given by subdivision 5 of section 2 of the Highway Law, and, therefore, the division engineer had no authority to enter into the contract.

APPEAL by the plaintiffs, Jesse F. Paddleford and another, from a judgment and order of the Court of Claims in favor of the defendant, entered in the office of the clerk of said court on the 2d day of May, 1918, dismissing claimants' claim.

The opinion of the Court of Claims is reported in *Paddleford v. State of New York* (103 Misc. Rep. 398).

*H. C. & V. D. Stratton* [*H. C. Stratton* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*Arthur E. Rose, Deputy Attorney-General,* of counsel], for the respondent.

KILEY, J.:

The claimants, appellants, herein allege that on June 11, 1912, they entered into a contract with the New York State Commission of highways for the construction and improvement of county highway No. 705, county of Chenango, N. Y.; that subsequently they entered into a supplemental

contract with said Commission, in and by which they were to perform additional and extra work and services and furnish extra and additional material incident to said original contract, but not included therein. The amount claimed under the supplemental contract is $1,802.57 with interest from May 25, 1914. The State concedes that the work was performed and material furnished of the value and amount as alleged by claimants, and does not controvert the contention that such work was performed and material furnished pursuant to an arrangement with the division engineer. No written agreement was signed by any one authorized so to do on the part of the State. This work was performed and material furnished in the town of Sherburne, Chenango county, in this State, consisting of the building of a bridge over a body of water in that town, fifty-six feet long, twenty-two feet wide, consisting of two spans eleven feet high and twenty-two feet long and an average thickness of four and one-half feet. The pier in the center was twenty-four by eleven by four and one-half feet. Four wing walls twelve and one-half feet long, average height, ten feet, width four feet. The respondent contends that even if a written supplemental contract had been entered into with either the State Commissioner of Highways or the division engineer it would not have obligated the State, because such officer has no authority under the statute to enter into such agreement; that this was construction outside of and beyond what is defined as a highway by statute. Section 2, subdivision 5, of the Highway Law (as amd. by Laws of 1911, chap. 646; Laws of 1912, chap. 83, and Laws of 1913, chap. 80), under which the State was building highways, and still continues to build them, defines a highway as follows: " A highway within the provisions of this chapter shall be deemed to'include necessary culverts, sluices, drains, ditches, waterways, embankments, retaining walls and all bridges having a span of five feet or less." Under this provision the respondent urges that no authority now exists in any officer, board or department, outside of the Legislature, that can audit or make this payment. The contention of appellants is that authority is found in the statute to allow and pay this claim. Under section 125 of the Highway Law (as amd. by Laws of 1911, chap. 646), creating the powers of the division engineer, and

under section 130, subdivision 9, of the same law, entitled "Contingencies," it is urged that the authority required is had. It is further urged that chapter 261 of the Laws of 1915 contemplated just such an emergency as has here arisen. *Buckles* v. *State of New York* (175 App. Div. 677), while dealing with a situation involving a supplemental contract or an agreement that one should be executed, is based on a material difference as to facts; there it was for extra filling on the highway before progress could be had. The Buckles verdict was reversed in 221 New York, 418; but on the question of failure to give the statutory notice prescribed by section 264 of the Code of Civil Procedure. It is not questioned that supplemental contracts can be made for additional work and material by the State Commissioner of Highways and by the division engineer representing the department; but such contract must be to supplement and for additions upon contracts which come under the jurisdiction of the Highway Department, such as additional stone, material or excavation, etc., on work being done on highways defined as such by statute. The limit is a five-foot bridge; there is no authority to increase that length to fifty-six feet and still have it within the statute. In the *Buckles Case* (*supra*) the unsurmountable difficulty it met in the Court of Appeals was failure to comply with the statute as to notice. *City of New York* v. *New York City R. Co.* (193 N. Y. 543); *Grimmer* v. *Tenement House Department* (205 id. 549); *Matter of Meyer* (209 id. 386); *Matter of City of New York* (217 id. 1) pass upon questions of construction when the provisions of the statute are ambiguous. This statute is not ambiguous. Much as it is borne in upon us that these claimants are entitled to this amount of money from the State of New York, we cannot disregard an express provision of statute to reach that end without bringing the administration of the law into disrepute. Claimants' relief is via the Legislature.

The judgment of the Court of Claims should be affirmed, but without costs.

Judgment of the Court of Claims unanimously affirmed, without costs.